HOWELL *v.* NORTON.

[99 So. 440. No. 24009.]

(Division A. March 31, 1924.)

PARENTS AND CHILD.    *Father authorizing or ratifying tort of minor child liable.*

Although the general rule is that the father of a minor child cannot be held liable for the tort of the child merely on the ground of parental relation, still, if the father authorizes or ratifies the tort, he is liable therefor.

APPEAL from circuit court of Forrest county.

HON. R. S. HALL, Judge.

Action by B. S. Howell against A. E. Norton. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

*Currie & Currie,* for appellant.

The court committed reversible error in sustaining the motion of the appellee. The court necessarily had to take as true everything that had been testified to by appellant and his witnesses. This being true, it had to be, and was admitted and conceded by the court, for the record shows, it to be a fact without dispute, that Lawrence Norton, the minor son of A. E. Norton, defendant, shot and killed appellant's dog with the consent, acquiescense and approval of the defendant, A. E. Norton, "and that the shooting of the dog had been directed, ordered and commanded by the defendant, A. E. Norton." The defendant, Norton, had admitted in open court on a former trial that he had especially "told the boy to use the gun on the dogs." Under this state of facts the plaintiff, appellant herein was entitled to a verdict against the defendant.

Labatt on Master and Servant (2 Ed.), sec. 2268, p. 6830, states the general rule as follows: "The general rule of the common law is that the father of a minor child cannot, on the mere ground of the parental relationship, be held liable for an injury caused by the tortious act of the child. The law holds the parent liable only on the same grounds that he would be responsible for the wrong of any other person. But this case does not fall under the general rule, but in that class of exceptions stated by the same author in section 2269. The courts of the country following the common law, have all along followed the rule laid down by Mr. Labatt and where the facts in the case, as in this case, show that the father commanded the act or sanctioned the commission of the act, or that the act was committed in pursuance of his directions or with his assistance or encouragement, the parent is liable for the damages resulting. *Wynn* v. *Haliday,* 69 So. 685; *Broadstreet* v. *Hall,* 120 Am. S. Rep. 256; *Johnson* v. *Glidden,* 74 Am. S. Rep. 795.

In the case at bar, the son had been ordered by the defendant to "use the gun on the dogs, and especially to shoot the dogs that came about the place," and so far as

this record shows, the boy shot the dog under these orders and instructions from his father. It seems that admitting the facts shown by the record to be true, as a matter of fact, the plaintiff was entitled to a peremptory instruction. However, there can be no question as to the sufficiency of the evidence to put the case to the jury and let the jury say whether or not the evidence, controlled by the principles of law announced herein, established liability. It is well settled that where there is any evidence justifying or warranting a verdict that the court should not grant a peremptory instruction.

*A. A. Hearst,* for appellee.

The circuit court was correct in sustaining this motion on both of the grounds assigned. The burden was on the plaintiff to show two things before he could recover from the defendant; first, that his dog was wrongfully killed by the boy, and secondly that the defendant in some way participated in the killing. The plaintiff failed to discharge either of these burdens. Having failed, he could not recover. The plaintiff was not at home, and neither was the defendant, at the time the dog was killed. Neither of them was present and neither knew the circumstances of the killing. The two daughters of the plaintiff both testified that they were in the house at the time, and three shots were fired, the first two they did not see, but did see the boy shoot the third time at the dog. So that there is no testimony whatsoever as to what the dog was doing when he was shot the first and second time, nor as to why he was shot. The plaintiff himself testified that the dog was shot three times and every shot came from in front of the dog, and that either of the three shots would have killed the dog. If either of the shots would have killed the dog, then we may assume that the first shot did kill him. What the dog was doing when he was shot with the first and second shots, is not shown. So far as the evidence shows he might have been attack-

ing a hog, or sheep, or other stock or cattle of the defendant, in which case the boy had a right to kill the dog.  Or he might have been attacking the boy, and this is a most reasonable presumption, since the dog was shot in his face or front shoulder every time.

There is no evidence that the father of the boy had anything to do with the killing of the dog, and without proof that he was in some way connected with the killing he is not liable.  The evidence shows that the defendant was not at home and was not present when the boy killed the dog.  The most there is in the proof made by the plaintiff on this subject is found in his own evidence given in his own behalf, and after all amounts to nothing. This evidence is found in the beginning of the plaintiff's own evidence, and is simply this, in substance, that on the trial of the case in the justice court the defendant in his argument stated in substance that ''dogs had been bothering him there and he had ordered the boy to kill the dogs that come about his place, and the boy did kill the dog and told him about it when he came home and that it was satisfactory to him—that it was all right with him that he had killed the dog; he also stated that he had specially told the boy to use the gun on the dogs.''  This we submit is all the evidence which in any way connects the defendant in the least with the boy's killing of the dog, and this is not sufficient to fasten liability on him.

The law seems to be well settled, that a father is not liable for the torts of his minor son unless he in some way participated in the wrong done.  20 R. C. L. 627, par. 33; 29 Cyc., p. 1665, and cases there cited, *Hagerty* v. *Powers,* 66 Cal. 977, 48 S. E. 343; *Griffin* v. *Russell,* 144 *Ga.* 275, 87 S. E. 10; *Teagarden* v. *McLaughlin,* 86 Ind. 476, 44 Am. Rep. 332.  A thoroughly considered case on the subject is in *Thibodeau* v. *Cheff,* Ann. Cases, 1924A, 582.  This being the law it was incumbent upon the plaintiff to show by clear proof that the defendant either participated in the killing of the dog or at least that he was connected with the killing in some way, and this we insist he failed to do,

and upon this ground we think the court was right in granting the instruction for the defendant.

ANDERSON, J., delivered the opinion of the court.

Appellant, B. S. Howell, sued appellee, A. E. Norton, for one hundred dollars damages claimed to have been suffered by appellant in the loss of his dog, killed by the minor son of appellee. Suit was brought in the court of a justice of the peace of Forrest county; from there the case went to the circuit court of that county where on the trial, at the conclusion of appellant's evidence on motion of appellee said evidence was excluded, and a verdict directed for appellee. Judgment was accordingly entered, from which appellant prosecutes this appeal.

Appellant and appellee owned adjoining property, separated by a fence. Appellant's dog was shot by a minor son of appellee while in the latter's pasture. There was sufficient evidence to go to the jury on the question of whether appellee's minor son was justified in killing the dog.

Although the general rule is that the father of a minor child cannot be held liable for the tort of the child merely on the ground of parental relation, still, if the father authorized or ratified the tort, he is liable therefor. Labatt on Master and Servant (2 Ed.), sections 2268 and 2269, pp. 6830 and 6832 inclusive. On the trial appellant introduced evidence which tended to show that appellee admitted that he both authorized and ratified the killing of appellant's dog by his minor son. This clearly made a question for the jury on proper instructions of the court.

*Reversed and remanded.*